UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARY BETH WATT                                                           PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:09CV297 DPJ-JCS

MISSISSIPPI DEPARTMENT OF WILDLIFE,
FISHERIES & PARKS AND SAM G. POLLES                        DEFENDANTS

ORDER

This employment discrimination action is before the Court on motion of Defendant Sam

G. Polles to dismiss Plaintiff Mary Beth Watt's claims against him pursuant to Federal Rule of

Civil Procedure 12(b)(6).  Plaintiff has responded in opposition.  The Court, having considered

the memoranda and submissions of the parties, finds that Defendant's motion should be granted.

I.        Facts and Procedural History

Mary Beth Watt was employed as a conservation officer with the Mississippi Department

of Wildlife, Fisheries and Parks (MDWFP).  After completing her training, Plaintiff was first

assigned to Noxubee County, Mississippi, then reassigned to Hinds County.  Plaintiff claims this

reassignment was "made in order to make [her] job circumstances difficult and to pressure her to

resign."  Compl. ¶ 7.  Believing that her transfer was due to gender discrimination, Plaintiff

complained to a MDWFP commissioner and a state senator.  MDWFP and its executive director,

Sam G. Polles, then terminated Plaintiff  "on the grounds that she has 'gone outside the chain of

command.'"  *Id.* ¶ 9.

After filing a charge of discrimination with the Equal Employment Opportunity

Commission, Plaintiff filed this action against MDWFP and Polles alleging sex discrimination

and violation of her First Amendment rights.  Defendant Polles moved to dismiss the claims

against him, and Plaintiff has responded in opposition.

II.    Analysis

A.    Motion to Dismiss Standard

Turning to the applicable standard, under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

B.      Defendant Polles

Watt filed this action against both MDWFP and Executive Director Polles, in his

individual capacity.  In her Complaint, Plaintiff asserts that Polles, "while immune from

damages, is liable for declaratory injunctive [sic] relief of reinstating Plaintiff to her employment

because he violated either her Fourteenth Amendment equal protection right to be free from sex

discrimination or her First Amendment right to be free from petition for redress of grievances or

both."  Compl. ¶ 12.  In other words, with respect to Defendant Polles, Plaintiff is not seeking

monetary relief, she is seeking a declaration that her "termination violated the First and

Fourteenth Amendments" and reinstatement to her position.  *Id.* at ¶ 15.

1.      Title VII

Defendant submits that any Title VII claims against Polles should be dismissed because

"[i]ndividuals are not liable under Title VII in either their individual or official capacities."

*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys,*

*Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002).  It is not apparent from Plaintiff's Complaint that she

is asserting a Title VII claim against Polles, nor does she dispute dismissal of any Title VII claim

in her Response.  As such, any Title VII claims against Polles are due to be dismissed.

2.      Injunctive and Declaratory Relief

Next, Defendant contends that declaratory and injunctive relief, specifically the requested

reinstatement, are not available against Polles in his individual capacity, only in his official

capacity.  A plaintiff filing suit against a state officer has the option to name the officer in his

official or individual capacity.  An individual capacity claim is not a claim against the State; it is

a claim against the individual.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining difference

between personal and official capacity claims).  An official sued in his individual capacity is entitled to assert qualified immunity which "protects government officials 'from liability for civil damages.'"  *Pearson v. Callahan*,, --- U.S. ---,  129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

By contrast, an official capacity suit is essentially a suit against the State and is subject to sovereign immunity.  *See Fennell v. Tex. Educ. Agency*, 273 F.3d 1100, 2007 WL 1075862, at *1 (5th Cir. 2001) ("Suits against state officers in their official capacities seeking the payment of moneys from the state treasury for alleged compensatory damages, monetary damages, and payments in the nature of equitable restitution are barred by the Eleventh Amendment.").  There is, however, a narrow exception to Eleventh Amendment immunity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).  "To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Here, Plaintiff sued Polles in his individual capacity for declaratory and injunctive relief. In his motion, Polles reasons that in his individual capacity, he is not her employer, and thus the reinstatement she seeks can only be obtained from Polles in his official capacity as executive director.  The Court agrees.  *Grady v. El Paso Community College*, 979 F.2d 1111, 1113 (5th Cir. 1992) (finding no individual capacity claim for reinstatement under 38 U.S.C. § 2201); *see Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) (noting that "the injunctive relief sought [expungement of portion of written reprimand] and won by [the plaintiff] can be obtained from

the defendants only in their official capacity as commissioners"); *see also Leonard v. Ohio Bureau of Employment Servs.*, 43 F. App'x 771, 775 (6th Cir. 2002) ("It therefore makes sense that Leonard would not have sought to add reinstatement as a remedy in his suit against Wagner, since, in his individual capacity, Wagner was powerless to reinstate Leonard."); *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993) ("[S]uch equitable relief [reinstatement] could be obtained against Relin only in his official, not his individual, capacity; and a defense of qualified immunity may properly be raised only with respect to claims asserted against a defendant in his individual capacity."); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("As injunctive relief against a state official may be recovered only in an official capacity suit, so may punitive damages be recovered against a government actor only in an individual capacity suit."); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) ("[T]he equitable relief Feit requests–a declaration that the policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future–can be obtained only from the defendants in their official capacities, not as private individuals."); *Maduko v. Illinois*, No. 07 C 4701, 2008 WL 4279982, at *2 n.3 (N.D. Ill. Sept. 17, 2008) ("The Court takes note that some of the relief plaintiff seeks in his Amended Complaint, namely injunctive and declaratory relief, as well as back pay and benefits, is not available against Rajski acting in his individual capacity.").

Watt does not squarely address this issue in her response. Instead, she argues against the application of qualified immunity in suits for declaratory and injunctive relief, but the defense of qualified immunity is a separate issue and is not the basis of the Court's ruling.[1] The relief Watt

---

[1] None of the cases Watt cites hold that declaratory or injunctive relief of the sort she seeks is obtainable from an individual defendant in his or her individual capacity. *See, e.g., Yates v. Stadler*, 217 F.3d 332, 333 n.2 (5th Cir. 2000) (reviewing pro se prisoner complaint that

seeks is not recoverable against a state official in his individual capacity. As such, Watt has

failed to state a claim for relief against Polles.[2]

III.     Conclusion

Based on the foregoing, Defendant Polles' motion to dismiss is granted.

**SO ORDERED AND ADJUDGED** this the 7th day of December, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

did not distinguish between individual or official capacity claims); *Chrissy F. v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844 (5th Cir. 1991) (limiting review of denied motion to dismiss to claims for damages against individual defendants in their individual capacities).

[2] Polles also argues that Plaintiff's speech is not protected and he is entitled to qualified immunity. While that may be so, the Court finds it unnecessary to reach either issue.